THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG SMALLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUEBLUE, INC., a Washington corporation; LABOR READY MID-ATLANTIC, INC., a Washington corporation; and FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida corporation,<br><br>Defendants. | NO.  C15-5126 RBL<br><br>MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA<br><br>HEARING DATE: **May 15, 2015** |

## I.   RELIEF REQUESTED

TrueBlue, Inc. ("TrueBlue") and Labor Ready Mid-Atlantic, Inc. ("Labor Ready") (collectively "Defendants") respectfully move the Court, pursuant to 28 U.S.C. §1404(a), to transfer venue of this action to the United States District Court for the Western District of North Carolina, Charlotte Division for the convenience of the parties and in the interest of justice.  In the alternative, TrueBlue and Labor Ready move the Court, pursuant to the same statute, to transfer venue of this action to any other appropriate district within North Carolina.  The motion and alternative motion are supported by the authorities set

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 1 of 13

(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

forth below, the declaration of Marquia Verrett, and Plaintiff Craig Smalls' complaint and exhibits attached thereto.

## II. INTRODUCTION

Craig Smalls ("Smalls") brings this putative class action in the United States District Court for the Western District of Washington, Tacoma Division, complaining that Labor Ready Mid-Atlantic and TrueBlue violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").  Specifically, Smalls alleges that Defendants violated the FCRA by failing "to provide proper notices, disclosures, and requested documents as required under the FCRA" in connection with a background check Labor Ready initiated when Smalls applied to become a Labor Ready temporary employee.  Complaint, at p. 1 and ¶¶ 22-23.

Defendants request that the Court transfer venue of this action to the United States District Court for the Western District of North Carolina, Charlotte Division for the convenience of the parties and in the interest of justice.  Pursuant to a dispute resolution agreement between the parties, Defendants and Smalls have agreed to arbitrate any disputes in North Carolina.  Accordingly, Defendants will seek, at the appropriate future time, to compel Smalls to arbitrate in North Carolina his claims against Defendants.  However, since binding Ninth Circuit authority prevents this court from compelling an arbitration outside this district, only a judge sitting in a North Carolina district court can effectuate the parties' agreement.

Additionally, even before analyzing the typical factors used to decide whether to transfer venue, the existence of a forum selection clause in an agreement between the parties establishes that North Carolina is the appropriate venue for this case.  Except in the rarest circumstances not applicable here, such forum selection clauses are entitled to controlling weight in determining the appropriate venue.

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 2 of 13

(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Finally, the multi-factored test weighs heavily in favor of transferring this case to North Carolina. All of the events upon which Smalls bases his claims occurred in that state. The relevant witnesses for both sides live in the state and the relevant documents are there too. In light of the forum selection clause, the fact that Smalls is not a resident of Washington, and since the case is styled as a class action, Smalls' choice of forum is to be afforded no weight. Additionally, Smalls has no apparent connection to the present venue, and the cost of litigating the case in North Carolina will be less than the cost in Washington.

### III.   STATEMENT OF FACTS

Smalls' complaint pleads that he is a citizen of the State of North Carolina. Complaint, ¶ 10. Smalls applied for employment with Labor Ready at Labor Ready's North Charlotte branch[1] in October 2014. Declaration of Marquia Verrett ("Verrett Decl."), ¶ 3. The North Charlotte branch is located in Charlotte, North Carolina. Verrett Decl., ¶ 2.

When Smalls applied for employment at Labor Ready's North Charlotte Branch, he completed several forms including a Disclosure Regarding Background Information ("Disclosure") and an At-Will Employment Dispute And Resolution agreement ("Arbitration Agreement"). Verrett Decl., ¶ 3 and Exhibit A; Complaint, ¶¶ 23-24. The original of those two documents are kept at Labor Ready's North Charlotte branch in a file containing Mr. Smalls' employment–related documents. Verrett Decl., ¶¶ 3, 4. As part of the application process, Mr. Smalls also provided Labor Ready with his contact information, including his home address. Verrett Decl., ¶ 5. The home address Mr. Smalls provided to Labor Ready is in Charlotte, North Carolina. *Id.*

---

[1] Smalls applied to one of the two Labor Ready two branches located in the City of Charlotte. Labor Ready refers to the branch at which Smalls applied as the North Charlotte branch.

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 3 of 13

(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

Also as part of the application process, Labor Ready performed a background check on Mr. Smalls. Verrett Decl., ¶ 6. For all, including Mr. Smalls, who apply at the North Charlotte branch to work as a Labor ready temporary employee, a permanent employee at the branch initiates the background check. *Id.* The background check is initiated by having the applicant read and sign the Disclosure. *Id.* The permanent employee then obtains pertinent information from the applicant and submits the applicant's information directly from the branch to First Advantage. *Id.* First Advantage returns results of the background check directly to the branch. *Id.*

The Arbitration Agreement contains three main provisions: (1) that Labor Ready and Smalls will arbitrate any claim arising from his employment or application for employment; (2) that the parties may not arbitrate claims on a class or representative basis; and (3) that the arbitration take place in the county where Smalls last worked for the Company. Exhibit A to Verrett Decl. In pertinent part, the Arbitration Agreement states:

> **2. DISPUTE RESOLUTION.**
>
> **Agreement to Arbitrate.** The Company and I agree that for any claim arising out of or related to my employment, application for employment, and/or termination of employment, this Agreement, or the breach of this Agreement, shall be submitted to and resolved by binding individual arbitration under the Federal Arbitration Act. The Company and I agree that all claims shall be submitted to arbitration including, but not limited to claims based on any alleged violation of any constitution, federal, state, or local law . . .
>
> **Scope of Arbitration.** The Company and I agree that arbitration in no way limits the relief that any party may seek regardless of the jurisdiction in which arbitration has been filed. THE COMPANY AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN MY OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION, COLLECTIVE ACTION OR REPRESENTATIVE PROCEEDING. . .
>
> **Arbitration Procedure.** . . . Unless the Company and I agree otherwise, any arbitration hearings will take place in the county (or parish) where I last worked for the Company.

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 4 of 13

(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Exhibit A to Verrett Decl.

### IV. ARGUMENT

**A. This Case Should Be Transferred To The United States District Court For The Western District Of North Carolina Pursuant To 28 U.S.C. § 1404(a).**

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .

28 U.S.C. § 1404(a).

Transfers under section 1404(a) routinely are made "to prevent the waste 'of time, energy and money,' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)).

"The statute has two requirements on its face: (1) that the district to which defendants seek to have the action transferred is one in which the action might have been brought, and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice." *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1259 (W.D. Wash. 2005) (citation and quotation marks omitted). Here, as outlined below, both factors are clearly satisfied.

**B. The Western District Of North Carolina Is A Proper Venue Because It Is A District In Which The Action Might Have Been Brought.**

Pursuant to 28 U.S.C. § 1404(a), venue cannot be transferred unless the transferee district is either (a) one that the action "might have been brought" or (b) one to which all parties have consented. In this case, the case may be transferred to the Western District of North Carolina because it is a district in which the action might have been brought.

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 5 of 13
(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

When, as here, the court's subject matter jurisdiction is based on a claim arising under federal law, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. §1391(b)(2). The Western District of North Carolina is an appropriate venue because it is a district in which the case might have been brought insofar as a substantial part of the alleged events or omissions that gave rise to Smalls' claims against Defendants occurred there.

Specifically, Smalls alleges that when he applied to work for Labor Ready, he applied to a Labor Ready branch located in Charlotte, North Carolina. Complaint, ¶ 22. When Smalls applied, Labor Ready staff at that branch provided him with a disclosure for the background check. Complaint, ¶ 23; Verrett Decl., ¶ 3. Smalls alleges that the disclosure did not comply with the FCRA. Complaint, ¶ 24. The background check itself was initiated from the Labor Ready branch. Verrett Decl., ¶ 6. Smalls' information was sent directly from the branch to First Advantage. *Id.* After First Advantage completed the background check, it sent the results directly back to the branch. *Id.*

Smalls also alleges that later, Labor Ready sent a notice that did not comply with the FCRA. Complaint, ¶¶ 23-31. Smalls attached as Exhibit B to his complaint an alleged copy of the defective notice. The alleged copy of the defective notice was sent to Smalls at an address in Charlotte, North Carolina. Complaint, ¶ 25 and Exhibit B.

Smalls' FCRA claims against TrueBlue and Labor Ready are based on the alleged "failure to provide proper notices, disclosures, and requested documents that they are required to provide under the FCRA." Complaint at p. 1. Based on the events described above, Labor Ready initiated the background check in Charlotte and provided Mr. Smalls with the allegedly improper disclosure and notice also in Charlotte. Therefore, it is clear that a substantial part of the underlying claims against TrueBlue and Labor Ready took

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 6 of 13
(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

place in Charlotte, North Carolina.  As a result, this action might have been brought in the Western District of North Carolina and that is a proper transferee district.

C. **The Interests Of Justice And The Convenience Of The Parties Support Transferring This Case To The Western District Of North Carolina.**

1. <u>Transferring the case to the Western District of North Carolina would allow TrueBlue and Labor Ready to arbitrate Smalls' claims in the agreed-upon venue.</u>

Labor Ready and TrueBlue intend to seek an order to compel Smalls to arbitrate his claims against them in the place where the parties agreed to arbitrate, namely, North Carolina.  However, pursuant to binding and applicable Ninth Circuit precedent, this Court is without the authority to compel Smalls to arbitrate his claims in North Carolina.  In *Continental Grain Co. v. Dant & Russell,* 118 F.2d 967 (9th Cir. 1941), the Ninth Circuit held that the Federal Arbitration Act limits district courts' authority with respect to compelling arbitration.  According to *Continental Grain*, the FAA authorizes district courts to compel an arbitration to take place only within the district where the motion is made. *Id.* at 968-69.  Thus, according to the Ninth Circuit, the FAA prohibits a court from ordering parties to arbitrate outside of the district in which a motion to compel is filed. *Id.*; *see also Lexington Ins. Co. v. Centex Homes*, 795 F.Supp.2d 1084, 1091-1092 (D. Hawaii 2011) (*sua sponte* ordering venue transferred from Hawaii to a district in Texas that would to allow the parties to arbitrate according to the parties' agreement).

Pursuant to *Continental Grain*, this court is without authority to order the parties to arbitrate their dispute, as they have agreed to do, in North Carolina.  Thus, the interests of justice favor a transfer to the Western District of North Carolina because doing so will allow Labor Ready and TrueBlue to compel Smalls to arbitrate his claims in North Carolina.

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 7 of 13
(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

2. <u>The parties' contractual forum selection clause is to be given controlling weight thus making North Carolina the appropriate venue for this case.</u>

Even before analyzing the usual factors to decide whether to allow a venue transfer, where the parties have contractually designated a forum for their disputes, the party resisting the clause, bears the burden to show "extraordinary circumstances unrelated to the convenience of the parties" to overcome the "controlling weight" given to such a clause. *Atlantic Marine Const. Co., Inc. v. United States Dist. for Western Dist. of Texas*, 571 U.S. ___, 134 S.Ct. 568, 581 (2013).  Here, Smalls and Labor Ready entered into a valid Arbitration Agreement placing the venue for arbitrating their disputes in North Carolina.  The existence of an agreed-upon forum is to be given controlling weight and argues strongly in favor of transferring the case to North Carolina.

3. <u>The applicable factors for deciding a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) weigh heavily in favor of transferring venue to the Western District of North Carolina.</u>

The Ninth Circuit has set forth eight factors to consider to determine whether a case should be transferred pursuant to 28 U.S.C. § 1404(a).  Those factors are:

(1)   the location where the relevant agreements were negotiated and executed;

(2)   the state that is most familiar with the governing law;

(3)   plaintiff's choice of forum;

(4)   the respective parties' contacts with the forum

(5)   the contacts relating to the plaintiff's cause of action in the chosen forum;

(6)   the differences in the cost of litigation in the two forums;

(7)   the availability of compulsory process to compel attendance of unwilling non-party witnesses; and

(8)   the ease of access to sources of proof.

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 8 of 13

(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).  When these factors are analyzed, both individually and collectively, they weigh heavily in favor of transferring this case.

> a)  <u>The location where the relevant agreements were negotiated and executed.</u>

This factor weighs in favor of transfer.  The Disclosure and the Arbitration Agreement were signed in North Carolina.

> b)  <u>The state that is most familiar with the governing law.</u>

Since Smalls claims are brought pursuant to federal law, both districts are equally familiar with the law applicable to this case.  Therefore, this factor is neutral.

> c)  <u>Plaintiff's choice of forum.</u>

Although normally this factor would weigh against transfer, that is not the case here.  A plaintiff's choice of forum is afforded substantially less deference where the plaintiff is not a resident of the forum.  *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010); *Barham v. UBS Financial Services*, 496 F.Supp.2d 174, 178 (D.D.C. 2007) (courts afford "substantially less deference" to plaintiff's choice of forum when the plaintiff is not a resident of that forum); *Huggins v. Stryker Corp.*, 932 F.Supp.2d 972, 981 (D. Minn. 2013) (plaintiff's choice of forum "is entitled to less deference when the plaintiff is not a resident of the selected forum and when the underlying events giving rise to the action occurred outside the forum.").

Additionally, a plaintiff's choice of forum is given less weight when the plaintiff purports to represent a class.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Smalls' complaint seeks class action treatment of his claims, and thus his choice of forum is entitled to even less weight.

Finally, a plaintiff's choice of form is given no weight when there is a valid forum-selection clause. *Atlantic Marine Const. Co.*, 134 S.Ct. at 581.  Here, pursuant to the

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 9 of 13
(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

Arbitration Agreement, the parties agreed to arbitrate claims in the last place Smalls worked, i.e., North Carolina.

Accordingly, since Smalls is not a resident of the present venue, because he pled this case as a class action, and because there is an applicable and enforceable forum selection clause, Smalls' choice of forum is to be given no weight.

      d)    <u>The respective parties' contacts with the forum.</u>

Here, Labor Ready has contacts with both forums, but Mr. Smalls has no evident contacts with the Western District of Washington.  On the other hand, Mr. Smalls has strong contacts with North Carolina.  He presently lives and works there.  This factor favors transferring the case to North Carolina.

      e)    <u>The contacts relating to the plaintiff's cause of action in the chosen forum.</u>

As mentioned, above, all of the events that form the basis of Smalls claims took place in North Carolina.  He applied to work for a Labor Ready branch in the state.  Smalls received the allegedly defective documents there as well.  The background check was initiated in a Labor Ready branch in North Carolina and the results were returned directly to that branch.  Accordingly, this factor weighs in favor of transferring the case to North Carolina.

      f)    <u>The differences in the cost of litigation in the two forums.</u>

Labor Ready's witnesses with respect to Smalls' application for employment and the background check are in North Carolina.  Further, Smalls lives in North Carolina.  Therefore, if the case is litigated in North Carolina, both sides are likely to save significant amounts of money due to the fact that witnesses will only have to travel within the state rather than have to travel to Tacoma.  Accordingly, this factor weighs in favor of transferring venue to North Carolina.

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 10 of 13

(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565

g) <u>The availability of compulsory process to compel attendance of unwilling non-party witnesses</u>

At this time, moving parties are not aware of the need of either side to compel attendance of unwilling non-party witnesses. Therefore, this factor is neutral.

h) <u>The ease of access to sources of proof.</u>

Labor Ready's documentary evidence in this case is located in the branch in North Carolina. Labor Ready's witnesses to the events underlying Smalls' claims are in North Carolina. Plaintiff lives in North Carolina. This factor weighs in favor transferring the case.

Analyzing the factors collectively shows that of the nine factors, five of the factors weigh in favor of transfer while the other four factors are neutral. These factors strongly favor transferring venue to North Carolina.

## V.   CONCLUSION

For the reasons stated, Defendants respectfully request that the Court transfer this action to the Charlotte division of the United States District Court for the Western District of North Carolina. In the alternative, if the Western District is not the appropriate district within North Carolina, Defendants request that the Court transfer this action to the appropriate district within North Carolina.

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 11 of 13

(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

1

Dated this 23rd day of April, 2015.

2

3
GORDON THOMAS HONEYWELL LLP

4
By /s/Bradley B. Jones
 Bradley B. Jones, WSBA No. 17197
5
 bjones@gth-law.com
 Reuben Schutz, WSBA No. 44767
6
 rschutz@gth-law.com
7
 Attorneys for Defendants TrueBlue, Inc., and Labor Ready Mid-Atlantic, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 12 of 13

(C15-5126 RBL)

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff Craig Smalls**
Clifford A. Cantor
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813
Fax: (425) 868-7870
Email: cliff.cantor@outlook.com

**Attorneys for Plaintiff Craig Smalls**
Patrick Peluso *pro hac vice*
Steven L. Woodrow *pro hac vice*
Woodrow & Peluso LLC
3900 E. Mexico Ave. Ste. 300
Denver, CO  80210
Tel: (720) 213-0675
Email: ppeluso@woodrowpeluso.com
swoodrow@woodrowpeluso.com

DATED April 23, 2015.

_____
Dorothy Brooks, Legal Assistant

MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA - 13 of 13

(C15-5126 RBL)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500  -  FACSIMILE (253) 620-6565